WESTERN DIST.
October, 1839.

GUICE vs. HARVEY.

GUICE
vs.
HARVEY.

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT, FOR THE PARISH OF OUACHITA, THE JUDGE OF THE SIXTH PESIDING.

In actions of slander, when the words spoken are uttered with the intent to defame and injure the plaintiff in his business and livelihood, the law authorizes a recovery in damages for the injury sustained, without showing special damages.

The jury have no fixed rule in assessing damages in cases where the words are actionable. They may take into consideration the trouble and inconvenience which the plaintiff has been at in seeking relief, as making part of the injury sustained.

This is an action of slander. The plaintiff charges that the defendant, maliciously and wickedly, and with a view to defame and injure his good character, on or about the 15th day of July, 1837, and at many other times and places in public companies, did utter in substance, that your petitioner "had counterfeited a bill of goods from New-Orleans;" that he "had-the bill in his possession, and can prove it to the satisfaction of any man;" also, "he (meaning petitioner) did counterfeit, or alter a bill of goods;" also, "James R. Guice has altered the amount of a bill; I have the bill, and can prove it to the satisfaction of any gentleman;" also, "he has altered the amount of a bill of goods; I have the bill, and can prove it;" also, "he did counterfeit or altered a bill, or a bill of goods received from New-Orleans, for me;" also, "Guice (meaning petitioner) has altered the figures on a bill of goods, and I will prove it;" also, "Guice has altered the face of a note, and I can prove it, for I have the note in my possession;" also, "he (meaning petitioner) is guilty of forgery; he has altered the amount of a bill of goods which he received for me from New-Orleans, and I will prove it;" and also, "I say he has committed forgery; I can, and I will prove it." The petitioner alleges that defendant did, on the 15th July last, and at many other times, make use of and publicly utter the said expressions and malicious charges, and with the malicious intent to defame his character, and

injure his good name and reputation; and he expressly alleges, that each of said expressions and charges are false, malicious and unfounded. Wherefore, and by reason thereof, he (the petitioner) has been damaged two thousand and five hundred dollars; for which he prays the verdict of a jury in his favor, and judgment thereon.

The defendant denies that he ever slandered plaintiff, as stated in his petition. He says, that in June or July, 1836, he deposited a sum of money with the plaintiff, to be sent to New-Orleans by some steam-boat, to buy certain articles of merchandize; that, on settlement, plaintiff presented him with a bill, purporting to be a bill of the goods, when, in fact, it was not such bill, but one made out by the plaintiff; and he then said the bill presented was not genuine, but was made or forged by the plaintiff or some other person, which he is ready to verify. He pleads a general denial to every other allegation in the petition.

Upon these pleadings and issues the cause was tried before a jury.

It appears the plaintiff resided at the steam-boat landing on the Ouachita river, where steam-boats were in the habit of landing goods for the neighbors and back settlers, and leaving them with him; and many times the bills of such goods were left with him, as well as bills of freight. In most cases he was in the habit of paying the steam-boats, and settling with the persons owing freight, &c. The expressions used were uttered and published by the defendant Harvey, and intended to apply to the plaintiff in relation to a bill of goods the latter had received for him.

*Sterling*, sworn, says he was present at the steam-boat landing, at the mouth of Bayou Bartholomew, in July last, together with others, when he heard defendant accuse plaintiff " *of forging a bill.*" Witness did not understand whether it was a bill of goods or freight, but that he also said " he had the bill in his possession and could prove it." Witness understood from plaintiff at the time he would not lie under such an imputation; and the only ground that defendant had for slandering him was, that he had

WESTERN DIST.
October, 1839.
─────────
GUICE
vs.
HARVEY.

received goods for defendant and one Folk, and kept the original bill, and furnished defendant with a copy, so far as he was concerned.

*Bartlett*, sworn, says he heard defendant say that plaintiff " had altered a bill, either a bill of goods or freight bill, and he could prove it :" said at another time that the plaintiff " had altered a bill of goods, and he would make him suffer for it." Witness understood defendant to mean that plaintiff had done this to defraud him.

*Miller*, sworn, states that he heard defendant, on the 15th July, say, that plaintiff had altered the face of a bill, and he could prove it to the satisfaction of any one.

Other witnesses testified that they had heard defendant say, that plaintiff had "*forged or counterfeited* a bill."

Defendant's witness explained the way in which he made the charge. Folk says, he had a keg of nails in a bill of goods for Harvey, the defendant; that plaintiff received them, and when he got his nails, the plaintiff made out separate bills in his own name, for witness and defendant, and kept the original bill to settle by; that this was the origin of the charge. Witness says defendant stated since, that the original bill was not the bill he charged the plaintiff with having forged; " that he was in possession himself of the bill that was forged, and no one should see it." This conversation took place since the suit was commenced.

The judge charged the jury " that they might find damages to the amount of the reasonable expenses of the suit, without any actual damage or injury having been proved." To this charge the defendant's counsel excepted.

The jury returned a verdict of four hundred and fifty dollars in damages for the plaintiff. From judgment rendered thereon the defendant appealed.

*M'Guire*, for the plaintiff, contended :

1st. The judgment is right, and should be affirmed. In actions of slander, special damage need not be proven, and may be implied by the jury. 2 *Louisiana Reports*, 74. 3 *Ibid.*, 207.

2d. The slander in this case amounts to a charge of a criminal nature, "altering or forging an account or receipt." 1 *Moreau's Digest*, 384, *section* 2. *Louisiana Code*, 1928.

3d. Every man is responsible for the damage he does, either intentionally, negligently, or by imprudence. *Louisiana Code*, 2294, 2295. 2 *Starkie*, 461, *and notes*.

4th. The judge properly charged the jury that they might find the expenses of the suit as special damages, but they did not find special, but general damages.

5th. Every allegation in the petition is fully supported by the evidence, and would sustain an action even at common law, amounting to a charge of crime, and being calculated to injure the plaintiff in his business of receiving articles at a steam-boat landing.

6th. The jury are the proper judges of the tendency to defame, by the words used, and the party using them are subject to the worst interpretation that can be put upon them, and cannot plead his own want of veracity to relieve him from the penalties of the law.

*Downs* and *Copley*, for the defendant, insisted, that no action would lie in this case, as there was no special damage shown ; and the words proved to have been spoken, are not actionable in themselves. Where the party charged that the plaintiff swore to a lie, in relation to his testimony given on a trial, which implied swearing falsely, and the commission of perjury, yet, when it only related to the part of the testimony that was immaterial, it was held that the words were not actionable. 20 *Johnson's Reports*, 344, *and* 13 *Ibid.*, 81.

2. The words spoken must import some crime or offence for which the party might be punished criminally, to be actionable. In all other cases the party must prove a special damage. 4 *Bacon's Abridgment*, title "Slander," letter *L.* 483. 3 *Blackstone's Commentaries*, 118–119.

3. It is not sufficient to show that the defendant made use of such words, or to the like effect ; but they must have a certain meaning and application. Now, the witnesses in this

26          VOL. XIV.

GUICE
vs.
HARVEY.

case say they do not know whether the bill spoken of, was a bill of goods or a bill of freight.

4. If the court should come to the conclusion that the words spoken are actionable, and tend to charge the plaintiff with an offence for which he might be indicted and punished, then the verdict and judgment of the court below must be reversed, and set aside, and the cause remanded on the bill of exceptions taken to the charge of the judge. See 11 *Louisiana Reports*, 238, 288.

*Martin, J.,* delivered the opinion of the court.

This is an action of slander, in which the plaintiff charges that the words were spoken with the intent of injuring, and did injure him in his business and manner of getting his livelihood, which was to receive and forward goods coming from New-Orleans for the planters and people living in his vicinity, and for the back settlers; and also in collecting and paying freight and charges on the same.

The general issue was pleaded. There was a verdict and judgment for the plaintiff, and the defendant appealed.

Our attention is drawn to a bill of exceptions taken to a part of the charge, in which the court instructed the jury, that they might give damages to the amount of the reasonable expenses of the suit, without any actual injury having been proved.

In actions of slander, when the words spoken are uttered with the intent to defame and injure the plaintiff in his business and livelihood, the law authorizes a recovery in damages for the injury sustained, without showing special damages. The jury have no fixed rule in assessing damages in cases where the words

The appellant's counsel has contended, that in his address to the jury, he informed them that the plaintiff claimed no vindictive damages, and had brought the suit merely to establish that the charge made against him was malicious and false; and he would be perfectly satisfied with damages to the amount of the reasonable expenses incurred in prosecuting his suit.

In suits like the present, the law authorizes the plaintiff to recover, although he shows no special damage. The jury have no fixed rule in assessing the sum for which they are to give a verdict. They may take into consideration the trouble and inconvenience which the plaintiff has been at in seeking relief; for this is part of the injury which he sustains.

If the judge in his charge meant that the costs and charges of the suit were the necessary measure of damages, he erred; for the legal costs and charges must be paid in addition to the damages assessed. Believing, however, that he intended to convey the idea that the jury might give a compensation to the plaintiff for the trouble, inconvenience and expenses, which the defendant had wrongfully occasioned, we refrain from remanding the case, with directions not to repeat the charge. This would create unnecessary delay and costs; and probably would not produce a different result.

In cases in which damages are to be assessed without any being proved, those which result from the prosecution of the suit in procuring redress, are, perhaps, the plainest and most palpable ones, on which the attention of the jury can be fixed.

On the merits, the verdict of the jury being supported by the evidence, and the damages not complained of as excessive, the judgment cannot be disturbed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Margin note:* WESTERN DIST. *October*, 1839.

